UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN LAMBERT on behalf of himself and all others similarly situated, <br><br>  PLAINTIFF, <br><br> v. <br><br> SOUTHWEST CREDIT SYSTEMS, INC., <br><br>  DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> )  Civil Action No.  17-cv-05228 <br> ) <br> ) <br> ) <br> ) <br> )  <u>Jury Demanded</u> <br> ) |

**PETITION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

Plaintiff, Kevin Lambert, brought this class action against Defendant, Southwest Credit Systems, Inc., ("Defendant"), on February 2, 2018, claiming that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

On March 20, 2018, Defendant provided a Settlement Agreement, which Plaintiff received and accepted.  Plaintiff's counsel hereby files its petition to the Court for an award of $5,186.20 for their attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

I. **<u>Background Facts In Support of Petition</u>**

On July 14, 2017, Plaintiff filed the complaint in this class action, seeking statutory damages of up to $1,000, actual damages, and attorney fees pursuant to 15 U.S.C. §§ 1692k(a)(1)-(3). (Dkt. #1). Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint on August 14, 2017. (Dkt. #8).  Defendant sent an settlement offer to Plaintiff, which plaintiff accepted.

In their petition for fees and expenses, Plaintiff's counsel seeks $20,666.70 in attorney's fees and $500 in costs, plus any further reasonable fees incurred in briefing the issues involved before the Court. This request is based on the lodestar method, which has been accepted in

1

numerous FDCPA cases as the most accurate way to determine attorneys' fees in these types of cases. In support of this petition, attorneys' time and work records are attached hereto as Exhibit A.

## II.     Plaintiff Is Entitled To An Award Of Costs And Reasonable Attorneys' Fees

The Fair Debt Collection Practices Act ("FDCPA") was enacted to prevent "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. §1692(a). A Plaintiff who prevails under the FDCPA is entitled to an award of costs and reasonable attorneys' fees." *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). In order to encourage able counsel to undertake FDCPA cases, Congress has made an award of reasonable attorney's fees mandatory. 15 U.S.C. § 1692k(a)(3); *Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995) *cert denied*, 515 U.S. 1160 (1995). Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar--the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983); *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). The proper hourly rate is determined based on the market rate for the services of plaintiff's counsel. See, e.g., *Missouri v. Jenkins*, 491 U.S. 274, 283, 105 L. Ed. 2d 229, 109 S. Ct. 2463 (1989). If an attorney commonly charges by the hour, his regular billing rate is presumptively the market rate. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999); *People Who Care v. Rockford Board of Education*, 90 F.3d 1307, 1310 (7th Cir. 1996).

The plaintiff bears the burden of proving the reasonableness of her attorneys' fees. *Hensley,* 461 U.S. at 437. The court considers the following factors when calculating fees: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to

perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of plaintiff's attorney; (10) the undesirability of the case; and (11) fee awards in similar cases. *Tolentino*, 46 F.3d at 652 (citing *Hensley,* 461 U.S. at 441).

If an attorney ordinarily works on a contingent-fee basis, a court "should look to the next best evidence -- the rate charged by lawyers in the community of 'reasonably comparable skill, experience, and reputation.'" *People Who Care,* 90 F.3d at 1310 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984)). The "next best evidence" also includes fee awards the attorney has received in similar cases. *Id.* at 1310-12. The district court may then adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999); *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997).

The maximum amount of statutory damages that an FDCPA Plaintiff can recover from a Defendant is $1,000. 15 U.S.C. §1692k(a)(2)(A). The "degree of success obtained" is the most important consideration when the court determines what is a reasonable fee award. *Hensley*, 461 U.S. at 436; *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995). "Success is not measured only by the amount of recovery but also in terms of the significance of the legal issue on which the plaintiff prevailed and the public purpose the litigation served." *Morales v. City of San Rafael*, 96 F.3d 359, 365, *as amended on denial of rehearing and rehearing en banc*, 108 F.3d 981 (9th Cir. 1997).

3

The amount of attorneys' fees requested need not be proportionate to the settlement or judgment amount, however, as that would defeat the public benefit advanced by the litigation. *Riter v. Moss & Bloomberg, Ltd.*, No. 96-C-2001, 2000 WL 1433867 (N.D. Ill. Sept. 26, 2000) (citing *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 873, n.13 (7th Cir. 1995). *See also Kasalo v. Trident Asset Mgmt., LLC,* 12-cv-2900 (N.D. Ill. 2014) (Kennelly, J.) (Granting Plaintiff's counsel an attorney fee award of $109,574.93 on case where Plaintiff received maximum $1,000 in statutory damages.)

### III. Plaintiff was Successful in this Action

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorneys' fees to a successful consumer. 15 U.S.C. §1692k(a)(3). Plaintiff was a successful party in this lawsuit by having accepted a settlement offer from Defendant. Thus, Plaintiff prevailed completely on her false/misleading representation claim, and fees should be awarded accordingly.

In *Dechert v. Cadle Co.*, 441 F.3d 474 (7th Cir. 2006), the Seventh Circuit considered an appeal challenging an award of attorneys' fees in an FDCPA suit. The court explained that a plaintiff is entitled to an award of fees and costs "only if his suit could be characterized as a 'successful action to enforce the foregoing liability'", citing Section 1692k(a)(3) of the FDCPA, which meant liability for either actual or statutory damages. *Id.* at 475.

The court further stated:

> [t]he general, indeed all but invariable, rule is that to be a prevailing party and therefore entitled to an award of fees and costs, you either must obtain a judgment that provides you with formal relief, such as damages, an injunction … or must obtain a settlement that gives you similar relief. (citing *Buckhannon Board & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835 (2001) [omitting additional citations]).
>
> *Id.*

In *Dechert*, the Seventh Circuit found that plaintiff failed to obtain any kind of judgment or settlement for relief, nor did he enforce any liability under the FDCPA. *Id.* Here, by contrast, Plaintiff accepted a settlement offer for $1,100 with fees and costs to be determined by the Court. Thus, this suit may rightly be characterized as a "successful action to enforce the foregoing liability."

IV. **Plaintiff's Attorney's Hourly Rates Are Reasonable**

A. **Plaintiff's Attorneys are Paid Their Current Hourly Rates by Paying Clients**

The Seventh Circuit has stated that "the best evidence of the market value of legal services is what people pay for it. Indeed, this is not 'evidence' about market value; it is market value." *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) (emphasis added). Furthermore, "[t]he attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *People Who Care v. Rockford Board of Education, School District No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996) (emphasis added).

With respect to direct similarity to other cases, Plaintiff's attorneys contend it would be next to impossible to provide evidence of client payments made to an FDCPA attorney as the FDCPA is a fee-shifting statute and few, if any, practicing FDCPA attorneys collect money from their clients on an hourly, out-of-pocket basis. In fact, it was Congress's intent, in making the statute fee-shifting, that no such payments would be required from the client. However, other consumer law cases such as debt defense and foreclosure deal primarily with debt collection matters and therefore involve many of the same issues, discovery matters, and similar consumer-based motion practice as the FDCPA claims that arise out of those cases. Plaintiff's attorneys at Community Lawyers' Group, Ltd. have been paid their actual hourly rates by clients for these

5

types of consumer law cases. (*See* Exhibits attached to Exhibit B, Declaration of Michael J. Wood).

Plaintiff's counsel Michael Wood's current actual hourly rate of $372.00 was approved in *Serrano v. Alliant Capital Management, LLC et al*, Case No. 16-cv- 08602. (Ex. B, Declaration of Michael J. Wood). Although the majority of Plaintiff's counsel's work is in contingent-fee consumer cases, Attorney Wood has charged and also been paid his present hourly rate of $372 for comparable work, and his prior rate of $352, including for collection defense litigation. (*See* Exhibits attached to Ex. B, Dec. of Michael J. Wood). Plaintiff's counsel's rate is further supported by the fact that he is counsel to more than 750 FDCPA cases in this District, including numerous class actions, and he has been counsel to more than 250 debt defense cases in the Circuit Court of Cook County. (Ex. B, Dec. of Michael J. Wood).

Moreover, Wood has repeatedly been asked to consult on cases where his agreement with the attorneys originating the claims was that he would be paid his hourly rate, ($327 at that time) which was agreed to between counsel regardless of outcome. The cases in which counsel Wood was retained on these terms were *Cindy Divine v. Venture Financial Services,* Case No. 15-cv-02639, and *Christopher Thompson v. Synerprise Consulting Services, Inc.,* Case No. 15-cv-00050, cases filed in the District of Kansas wherein Defendants were alleged to have violated, inter alia, the FDCPA in relation to an alleged credit card debt. Counsel Wood subsequently increased his rate to $372, which reflects an increase in the amount of experience he has litigating FDCPA matters, including the certification of two class action FDCPA matters for settlement purposes.

Plaintiff's counsel Celetha Chatman current actual hourly rate is $335.00. (Exhibit C, Declaration of Celetha Chatman). Ms. Chatman's current rate is a 6.5% increase from her 2016

6

rate of $315. Ms. Chatman's previous rate of $315.00 was approved in *Chatman v. Stellar Recovery, Inc.*, 16-cv-00833 (NDIL) (See Exhibits attached to Exhibit C, Declaration of Celetha Chatman). Plaintiff's counsel's rate is supported by her experience and specialization in consumer protection and FDCPA law, her handling of more than 550 FDCPA cases, including as counsel on 14 class action cases, and her experience in other areas of law, including Bankruptcy. (Ex. C, Dec. of Celetha Chatman).

Plaintiff's Counsel Andrew Finnko

Plaintiff's attorneys hereby submit that they have met their burden of proving their market rates. The rates are thus reasonable and should be awarded.

> **B.** **Judges in this District Have Approved Plaintiff's Attorneys' Prior Hourly Rates for FDCPA Work Over Defendants' Objections**

When a plaintiff does not meet its burden of proving counsel's market rate, a district court is entitled to make its own determination of reasonable hourly rate. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 408 (7th Cir. 1999). If the district court is unable to determine the attorney's actual billing rate because, for example, the attorney has no fee-paying clients, then the district court should look to the next best evidence. *People Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1310 (7th Cir. 1996). The next best evidence of an attorney's market rate includes evidence of fee awards the attorney has received in similar cases. *Id.* at 1310-12.

Plaintiff's counsel's previous hourly rate of $327 for Michael Wood was approved by Hon. Harry Leinenweber in *Vaughn v. Account Recovery Service, Inc.*, 14-cv-8179. In *Vaughn*, an FDPCA action, Defendant contested Plaintiff's attorney fee petition but conceded that Plaintiff's counsels' $327 per hour rate was reasonable for attorney time.

Most recently in *Chatman v. Stellar Recovery, Inc.*, 16-cv-00883 (NDIL), the Honorable Harry D. Leinenweber approved Attorney Wood's prior rate of $352 per hour. *Chatman* was an

7

FDCPA action based on the threat of a convenience fee charge for credit card payments. The court there was faced with another contested fee petition and Judge Leinenweber conducted a meaningful assessment of the requested rate and approved Wood at the above-stated hourly rate. Plaintiff's counsel's previous hourly rate was also approved by the Honorable Virginia M. Kendall in *Rhone v. Medical Business Bureau, LLC*, 16-cv-5215 (NDIL).

*Chatman* and *Rhone* are similar to the instant matter because they too were brought under same Section of the FDCPA, namely Section 1692e, and thus share some common elements with the instant matter, including establishing the use of false, deceptive, or misleading representations or means in connection with the collection of the debt. (For comparison, see Exhibits attached to Exhibit C, Declaration of Celetha Chatman).

The increase in Attorney Wood's hourly rate to $372, which is slightly higher than the Median Rate charged by Midwest consumer law attorneys, is justified by his substantial experience in litigating over 500 FDCPA cases, including class actions, and his leadership position in the Consumer Law community, including his position on the ethics board of the National Association of Consumer Advocates. (Ex. B, Dec. of Michael J. Wood).

**V.     The Number of Hours Expended on the Litigation is Reasonable**

The FDCPA mandates that a successful plaintiff be awarded her reasonable attorneys' fees and costs. 15 U.S.C. § 1692k(a)(3); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir.), *cert. denied,* 132 L. Ed. 2d 856, 115 S. Ct.2613 (1995). In calculating an attorneys' fee award, the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Tolentino*, 46 F.3d at 652 (quoting *Hensley v. Eckerhart,* 461 U.S. 424,103 S. Ct. 1933 (1983)). The Supreme Court has directed that "[c]ounsel for the prevailing party should make a good-faith effort to exclude

from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 444, 103 S. Ct. 1933, (1983). If the prevailing party fails to exercise the proper billing judgment, a court should exclude from the fee calculation "hours that were not reasonably expended." *Id.*

Here, as evidenced by the table of hours expended by Plaintiff's counsel attached as Exhibit A hereto, Plaintiff's counsels' hours are patently reasonable. Plaintiff's attorneys bill in tenth of an hour increments, which is both reasonable and comparable to other attorneys performing FDCPA work. Plaintiff's attorneys also bill minimal time for administrative tasks. Finally, the number of hours spent on a given task by attorneys Wood and Chatman are in line with other attorneys performing FDCPA work in this District. As a result, Plaintiff's counsel respectfully submit that their hours are reasonable for the length of case and the work that was necessary and as a result, should be awarded.

### VI. Attorney's Fees Should be Awarded Pursuant to the Lodestar Formula

The Seventh Circuit has found that "it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Id.* Providing competitive rates ensures that attorneys will take cases that are in the public's interest. *Tolentino* at 652-53.

For a comprehensive list of Plaintiff's attorneys' fees, please see Exhibit A (Time and Work Records) attached hereto. In summary, Plaintiff requests:

| | | |
|---|---|---|
| 1. | Attorneys' Fees | $20,666.70 |
| 2. | Filing Fees and Costs: | $550.00 |
| | **TOTAL:** | $21,166.70 |

## **CONCLUSION**

WHEREFORE, Plaintiff, Kevin Lambert, by and through his attorneys, Community Lawyers Group, Ltd., respectfully requests that this Honorable Court grant Plaintiff's petition for an award of **$21,166.70** for attorneys' fees and costs.

                                  Respectfully submitted,

                                  s/Celetha C. Chatman
                                  Celetha C. Chatman

Celetha C. Chatman
Michael J. Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe, Suite 514
Chicago, IL 60603
Ph: 312.757.1880
fax: 312.265.3227
cchatman@communitylawyersgroup.com

## **CERTIFICATE OF SERVICE**

      I, Celetha C. Chatman, an attorney, hereby certify that on August 6, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: August 6, 2018**                                                                                             Respectfully submitted,

                                                                                                     By: s/Celetha C. Chatman  
                                                                                                       Celetha C. Chatman